**Fayetteville-Perry Education Association**
**v.**
**Fayetteville Perry Local School**
*[Cite as 3 AOA 327]*

*Case No. CA89-11-019*
*Brown County, (12th)*
*Decided May 21, 1990*

Lee Hornberger, 910 Mercantile Library Building, 414 Walnut Street, Cincinnati, Ohio 45202, for Plaintiff-Appellant.

Ennis, Roberts & Fischer Co., L.P.A., J. Michael Fischer, 121 West Ninth Street, Cincinnati, Ohio 45202-1904, for Defendants-Appellees.

*Per Curiam.*

This cause came on to be heard upon an appeal, transcript of the docket, journal entries and original papers form the Brown County Court of Common Pleas, transcript of proceedings, and the briefs of counsel, oral argument having been waived.

Now, therefore, the assignments of error having been fully considered are passed upon in conformity with App. R. 12(A) as follows:

Plaintiff-appellant, Fayetteville-Perry Education Association (the association), filed a declaratory judgment and a breach of contract action against defendant-appellee, Fayetteville-Perry Local School District Board of Education ("the board"), after they were unable to reach an agreement on the terms of a new collective bargaining agreement. In its complaint, the association, which is the representative of the board's professional employees, asked the Brown County Court of Common Pleas to order the board to refrain from unilaterally implementing changes in the existing collective bargaining agreement ("the agreement"), and to comply with the existing bargaining disagreement procedure by selecting an arbitrator.

The association later amended its complaint to add a claim under Section 1983, Title 42, U.S. Code, based upon the board's refusal to further negotiate. The association claimed that such refusal was an illegal retaliatory action in response to the association's having filed suit.

On March 9, 1989, the board filed a motion to dismiss both claims for lack of jurisdiction. The association thereafter filed a motion for partial summary judgment. Following a hearing, the trial court granted the board's motion to dismiss and thereby mooted the association's motion for partial summary judgment. The association then brought the instant appeal and outlined four assignments of error.

ASSIGNMENT OF ERROR NO. 1:

"The trial court erred to the prejudice of plaintiff-appellant in granting defendants-appellee's motion to dismiss plaintiff-appellant's RC 4117.09(B)(1) violation of collective bargaining agreement action."

The association argues that the court of common pleas has jurisdiction to hear suits based upon an alleged violation of a collective bargaining agreement pursuant to R.C. 4117.09(B)(1). It contends that the statute creates no statutory exhaustion requirements and none should be artificially construed to create barriers to state court jurisdiction. The association argues that this is true even though the dispute involves both a breach of contract and an unfair labor practice charge. It is undisputed that the board's actions, if proven, constitute an unfair labor practice pursuant to R.C. 4117.11(A). Thus, the question before this court is whether the State Employment Relations Board ("SERB") and not the trial court properly held jurisdiction.

R.C. 4117.12 provides the procedure for review of a case involving a violation of R.C. 4117.11. R.C. 4117.12(B) states that such a charge shall be investigated by SERB. SERB is empowered to investigate and remedy unfair labor practices committed by public employers or public employee organizations and the court of common pleas acts as an appellate court to review final orders of SERB. R.C. 4117.13(D). *Gunn* v. *Bd. of Edn.* (June 23, 1988), Cuyahoga App. No. 45038, unreported.

In *Lorain City Bd. of Edn.* v. *State Emp. Relations Bd.*(1988), 40 Ohio St. 3d 257, the Ohio Supreme Court stated that "[i]t was clearly the intention of the General Assembly to vest SERB with the board authority to administer and enforce R.C. Chapter 4117." *Id.* at 260. The supreme court stated hat disputes regarding the effect an employer's unilateral actions has upon its employees is properly determined by SERB. We find that the conduct which is the subject of the complaint in this action would constitute an unfair labor practice under Revised Code Chapter 4117. Therefore, the action is subject to the exclusive jurisdiction of SERB. See *Gray* v. *Toledo* (May 15, 1987), Lucas App. No. L-86-113,

unreported. Accordingly, the association's first assignment of error is overruled.

### ASSIGNMENT OF ERROR NO. 2:

"The trial court erred to the prejudice of the plaintiff-appellant in granting defendants-appellee's motion to dismiss plaintiff-appellant's 42 USC 1983 Federal Civil Rights action."

The association argues that the trial court incorrectly determined that a plaintiff in a Section 1983 action must exhaust its stated administrative remedies before bringing the action in a state court. The supreme court definitely ruled on this issue in *Gibney* v. *Toledo Bd. of Edn.* (1988), 40 Ohio St. 3d 152, wherein the court declared that "[e]xhaustion of state administrative remedies is not required prior to obtaining relief pursuant to Section 1983, Title 42, U.S. Code in state court." *Id.*, syllabus. The association's second assignment of error is sustained on the basis of this authority.

### ASSIGNMENT OF ERROR NO. 3:

"The trial court erred to the prejudice of plaintiff-appellant in not granting plaintiff-appellant's motion for partial summary judgment on the violation of collective bargaining agreement cause of action."

### ASSIGNMENT OF ERROR NO. 4:

"The trial court erred to the prejudice of plaintiff-appellant in not granting plaintiff-appellant's motion for partial summary judgment relating to defendants-appellee's retaliation in violation of 42 USC 1983 and the First and Fourteenth Amendments of the United States Constitution."

The association filed motions for partial summary judgment on the R.C. Chapter 4117 cause of action and the Section 1983 cause of action. The trial court did not rule on either motion for summary judgment as it determined that it did not have jurisdiction to hear the case. In light of our rulings on the first two assignments of error, we find that the trial court correctly determined that it does not have jurisdiction to hear the summary judgment motion on R.C. Chapter 4117 cause of action but that it does have jurisdiction to hear and rule upon the motion for summary judgment in regard to the Section 1983 cause of action. Therefore, the association's third assignment of error is overruled and the fourth assignment of error is sustained to the extent that the trial court failed to rule on the association's motion. The Section 1983 action is remanded to the trial court for a determination as to whether a summary judgment in that action is proper.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed in part and reversed in part and this cause is remanded for further proceedings according to law and not inconsistent with this decision.

It is further ordered that a mandate be sent to the Brown County Court of Common Pleas for execution upon this judgment.

> *Judgment affirmed in part,*
> *reversed in part,*
> *and cause remanded.*

JONES, P.J., HENDRICKSON and YOUNG, JJ., concur.